E-FILED
Tuesday, 15 January, 2019 03:15:29 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| BRYANT KEITH DAY, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 17-cv-1558 |
| STEVE KALLIS, Warden | ) ) ) |
| Respondent. | ) ) |

## ORDER AND OPINION

Now before the Court is Petitioner Bryant Keith Day's ("Petitioner" or "Day") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1).**[1]** Also before the Court is Respondent Steve Kallis' Motion to Dismiss (Doc. 5). For the reasons set forth below, Respondent's Motion to Dismiss is GRANTED and Day's Petition is DISMISSED with prejudice pursuant to 28 U.S.C. § 2555(e).

## I. BACKGROUND[2]

On January 27, 2006, in the District Court for the Western District of Michigan, a jury convicted Day of various gun and drug violations, including use and discharge of a firearm during and in relation to a drug trafficking offense on June 8, 2004, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), and use of a firearm during and in relation to a drug trafficking offense on May 30, 2005, in violation of 18 U.S.C. § 924(c)(1)(A)(i). *See Day v. United States*, No. 1:07-CV-768, 2008 WL 2397664, at *1 (W.D. Mich. June 10, 2008).

---

[1] Citations to documents filed in this case are styled as "Doc. __."
[2] As dictated by the analogous federal habeas corpus rules for proceedings under 28 U.S.C. § 2254 and § 2255, the facts recounted here are taken from Respondent's Response to the Petition, (Doc. 5), unless otherwise noted. *See* 28 U.S.C. § 2248.

He was sentenced in June 2006 to concurrent thirty-six-month prison terms on all counts except the two § 924(c) charges, for which he received mandatory minimum consecutive sentences of ten years and twenty-five years. Day filed a notice of appeal, but the appeal was dismissed for want of prosecution on August 10, 2006. *See United States v. Day*, No. 06-1834 (6th Cir.). On August 6, 2007, Day filed a motion under 28 U.S.C. § 2255, arguing that his attorney was ineffective for failing to communicate the government's plea offer to him. *Day*, 2008 WL 2397664 at *1. The sentencing court, the District Court for the Western District of Michigan, denied Day's motion on June 10, 2008. *Id.*

Day filed this petition pursuant to 28 U.S.C. § 2241, in which he argues that his § 924(c) convictions are invalid after the Supreme Court's decision in *Watson v. United States*, 552 U.S. 74 (2007). There, the Court held that a person who trades his drugs for a gun does not "use" a firearm "during and in relation to . . . [a] drug trafficking crime" in violation of [§ 924(c)]." *Id.*

Respondent has filed a motion to dismiss (Doc. 5) arguing that Day's claim does not fall within the § 2255(e) savings clause and, thus, cannot proceed under § 2241. Day filed a timely reply (Doc. 9). This order follows.

## II. LEGAL STANDARD

Generally, federal prisoners who seek to collaterally attack their conviction or sentence must proceed by way of motion under 28 U.S.C. § 2255, the so-called "federal prisoner's substitute for habeas corpus." *Camacho v. English*, 16-3509, 2017 WL 4330368, at *1 (7th Cir. Aug. 22, 2017) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). The exception to this rule is found in § 2255 itself: a federal prisoner may petition under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Under the "escape hatch" of § 2255(e), "[a] federal prisoner should be permitted to

2

seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Thus, the Seventh Circuit has held that "alternative relief under § 2241 is available only in limited circumstances: specifically, only upon showing "(1) that he relies on 'not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion,' (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is 'grave enough ... to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding,' such as one resulting in 'a conviction for a crime of which he was innocent.'" *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016), *cert. denied sub nom. Montana v. Werlich*, 137 S. Ct. 1813, 197 L. Ed. 2d 758 (2017) (*citing Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)).

The "second condition has two components: retroactivity and prior unavailability of the challenge." *Montana,* 829 F.3d at 784. And this "second prong" of the "second condition" "is satisfied if '[i]t would have been futile' to raise a claim in the petitioner's original 'section 2255 motion, as the law was squarely against him.'" *Id.* (*citing Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc)).

### III. DISCUSSION

Respondent's Motion to Dismiss addresses only the second prong of the test to determine if § 2255 was "inadequate or ineffective." Specifically, Respondent argues that Day could have brought this claim in his first § 2255 motion because the case he relies on— *Watson v. United States*, 552 U.S. 74 (2007)—was decided on December 10, 2007 and could have been added by

amendment to his initial § 2255 motion before the district court denied the motion on June 10, 2008. The Court agrees and dismisses Day's petition for lack of jurisdiction under the § 2255(e).

Day argues that he could not have amended his motion to add the *Watson* claim because the *Watson* claim would not have related back to his original motion and, therefore, it would have been untimely. Reply at pp. 2 (Doc. 9). While it may be true that his *Watson* claim in an amended § 2255 motion would not have related back to his original motion, that does not necessarily mean it would have been untimely. Rather, "if claims in an amendment do not relate back, the new claims must independently meet the statute of limitations." *Riney v. United States*, No. 15-3783, 2017 WL 3426473, at *1 (7th Cir. Feb. 10, 2017) (*citing Mayle v. Felix*, 545 U.S. 644 (2005)). Under § 2255(f)(3), claims in an initial § 2255 motion can be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Here, although the Sixth Circuit has not specifically ruled on the issue, it is likely that the district court would have found that his *Watson* claim independently met the statute of limitations under § 2255(f)(3). *See, e.g. United States v. Thomas*, 627 F.3d 534, 535 (4th Cir. 2010) (holding that *Watson* claims filed within one year of the *Watson* decision are timely pursuant § 2255(f)(3)). Day argues a *Watson* claim could not have been timely because *Watson* did not announce a new constitutional rule. Reply at pp. 2 (Doc. 9). However, unlike successive petitions governed by the additional restrictions of § 2255(h), the statute of limitations under § 2255(f)(3) does not require that the new rule be a constitutional one.

Further, to the extent that Day argues a *Watson* claim does not meet the requirements of § 2255(f)(3), such a finding would also doom his petition here. This is because if his *Watson*

4

claim fails to meet the requirements of § 2255(f)(3), his *Watson* claim would necessarily fail to meet the second prong of the test to determine if § 2255 was "inadequate or ineffective," which also requires that a petitioner be relying on a new retroactive case.

The cases cited by Day in his reply are also to no avail, as none of the cases addressed amended claims that were independently timely under § 2255(f)(3). Further, the holdings of *Rodriguez v. United States,* 286 F.3d 927, 981-82 (7th Cir. 2001), and *Ellzey v. United States*, 324 F.3d 521, 525 (7th Cir. 2003)—both abrogated by *Mayle v. Felix*, 545 U.S. 644 (2005)—contained a more liberal reading of "related-back," such that the *Watson* claim would have related back even in the absence of § 2255(f)(3). Accordingly, they do nothing to advance Day's argument.

## IV. CONCLUSION

For the reasons set forth above, Respondent's Motion to Dismiss (Doc. 5) is GRANTED. Accordingly, Day's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is DISMISSED WITH PREJUDICE pursuant to § 2255(e). This Case is TERMINATED.

Signed on this 15th day of January, 2019.

*s/ James E. Shadid*
James E. Shadid
Chief United States District Judge