UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| BRYANT KEITH DAY, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 17-cv-1558 |
| STEVE KALLIS, Warden | ) ) ) |
| Respondent. | ) ) |

## **ORDER AND OPINION**

Now before the Court is Petitioner Bryant Keith Day's ("Petitioner" or "Day") Motion for Reconsideration Under Rule 59(e) (Doc. 16). For the reasons set forth below, Day's Motion is DENIED.

## **BACKGROUND**

On December 8, 2017, Day filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, arguing that his § 924(c) convictions are invalid in light of the Supreme Court's decision in *Watson v. United States*, 552 U.S. 74 (2007). There, the Supreme Court held that a person who trades his drugs for a gun does not "use" a firearm "during and in relation to . . . [a] drug trafficking crime" in violation of [§ 924(c)]." *Id.*

This Court dismissed Day's claim on January 15, 2019, holding that Day could not proceed under 28 U.S.C. § 2241, because he had not shown that § 2255 was inadequate or ineffective to test the legality of his confinement, pursuant to § 2255(e). Specifically, this Court found that Day could have added his *Watson* claim by amendment to his initial § 2255 motion because *Watson* was decided on December 10, 2007, and his initial § 2255 motion was not

1

decided until June 10, 2008. Further, this Court found that this claim would have been timely pursuant to § 2255(f)(3).

## DISCUSSION

Day has timely filed his Motion to Reconsider pursuant to Fed. R. Civ. P. 59(e). "Courts may grant Rule 59(e) motions to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of [the decision] or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012) (internal citation omitted). This enables courts to correct their own errors an avoid unnecessary appeals. *Id.* However, Rule 59(e) motions should not be used "to 'rehash' previously rejected arguments." *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014).

Here, Day alleges the Court erred in its ruling. Day argues that, had he raised his *Watson* claim in his original § 2255 motion, it would have been untimely because *Watson* did not recognize a new constitutional right made retroactive to cases on collateral review and his *Watson* claim would not have related back to his original motion under Fed. R. Civ. P. 15. As previously explained, the Court agrees that the *Watson* claim would not have related back to his original motion pursuant to Fed. R. Civ. P. 15. But, his *Watson* claim did not need to relate back to his original motion in order to be timely. His *Watson* claim would have independently met the statute of limitations under § 2255(f)(3), which provides that claims in an initial § 2255 motion can be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The fact that *Watson* was not a constitutional case is not relevant under § 2255(f)(3).

Day relies on *Cox v. Holt*, No. 1:CV-08-2268, 2009 WL 2594203 (M.D. Pa. Aug. 20, 2009), for support that his claim falls within § 2255(e). However, the petitioner in that case had already had his § 2255 motion denied before the decision in *Watson* was announced. *Id.* at 1. When he attempted to bring his *Watson* claim via a Rule 60(b) motion, the trial court found this improper, and referred the matter to the Second Circuit to determine whether it could be brought has a second or successive § 2255 motion. *Id.* Under the more stringent requirements for bringing a second or successive § 2255 motion under § 2255(h), the Second Circuit refused to authorize a second or successive § 2255 motion. *Id.* Here, by contrast, Day's § 2255 motion was still pending before the trial court when *Watson* was announced and Day could have filed his claim in his original § 2255 case. As stated above and in the Court's January 15, 2019 Order, the amendment would have been timely pursuant to § 2255(f)(3), which, unlike § 2255(h), does not require the case to be constitutional. Accordingly, the Court finds that Day has not established any error of law or fact in the Court's original order and judgment.

## CONCLUSION

For the reasons set forth above, Petitioner's Motion for Reconsideration (Doc. 16) is DENIED.

Signed on this 19th day of February 2019.

*s/ James E. Shadid*
James E. Shadid
Chief United States District Judge